MEERILL E. MACK *vs.* LYSANDER C. CLARK & others.

It is no defence to an action by an indorsee against the maker of a note, that the note was obtained by the payee, under an agreement with his creditors, to which the maker was not privy, that it should be indorsed and delivered to them, and that it was passed to the indorsee in violation of such agreement. It is immaterial, in such case, whether the indorsee received the note before or after it fell due.

ASSUMPSIT by the indorsee against the makers of a promissory note for $447·47, made payable to Thomas Grout, or order, in one year from August 19th, 1837.

The case was submitted to the court upon the following report of the evidence given at the trial : The firm of Bailey Poor, & Richardson, on the 20th of June, 1837, commenced an action against the firm of Grout (payee of the note in suit) & Davenport, and caused said Grout to be arrested and held to bail ; the property of Grout & Davenport having been previously attached at the suits of their other creditors. Grout afterwards informed the attorney of Bailey & Co. that he had made an arrangement with the attaching creditors to discharge their claims on receiving 75 per cent. thereon ; and that he had also agreed with Bailey & Co. to receive the same proportion of their claim, on Davenport's continuing liable for the remaining 25 per cent. Grout also informed said attorney that Lysander C. Clark, one of the defendants, was to take the goods of Grout & Davenport, and give his note, with the other defendants as sureties, for the reduced amount to be paid to the creditors. Bailey & Co. also informed their said attorney that they had agreed to receive 75 per cent., and gave him the names of those who were to be sureties on said note. Davenport agreed to pay to Bailey & Co. the remaining 25 per cent.

Grout informed said attorney that the note of the defendants had been made, and requested him to discharge the bail in the suit of Bailey & Co., as he could not obtain possession of said note until certain property should be given up, which had been pledged to the bail, and which, by the agreement between Grout and Lysander C. Clark, was to belong to the latter. Said attorney thereupon caused the bail to be discharged ; and said action of Bailey & Co. was stopped. The amount of the demand of Bailey & Co. against Grout & Davenport was $597·36, 75 per cent. thereof being $447·02.

The attorney of Bailey & Co. testified that he never saw Grout after his bail were discharged, but he supposed that the note which Bailey &. Co. were to receive had been delivered to them that the bail were discharged on the ground that said note was to be given to Bailey & Co. and delivered to them upon the discharge, if it had not already been received by them ;

and that the bail would not otherwise have been discharged. He also testified that Davenport had not paid the 25 per cent. as he had agreed to do, and that it was not a condition in the agreement between Grout and Bailey & Co. that Davenport should pay it.

Another witness testified, that in the autumn of 1837, Grout was for some time at Templeton, (where the witness resided) and afterwards left that place for one of the Western States, and that he had not seen him since; that on the day when Grout left Templeton, he delivered the note in question to the witness, taking from him a receipt to account for it; that when the witness first saw the note, it was then indorsed, " without recourse to me : Thomas Grout "; that Grout wished the witness, with the proceeds of the note, to settle with Bailey, Poor, & Richardson, for 25 per cent. of their debt, if he could, and said he wanted the residue to pay his brothers; that the note remained in the hands of the witness until the spring of 1839, when the plaintiff called on him with an order for it from Grout, and he thereupon delivered it to the plaintiff.

The witness further testified that he informed Lysander C. Clark where the note was, and demanded payment of him, after it became due, to wit in December, 1838.

Nonsuit or default to be entered, according to the opinion of the court, on the foregoing report.

*C. Allen*, for the defendants.

*Thomas*, for the plaintiff.

SHAW, C. J.    The plaintiff shows a *primâ facie* title to the note, by proving the signature, indorsement, and delivery to him.   The action is defended in behalf of Bailey, Poor, & Richardson, former creditors of Grout & Davenport.   The evidence tends strongly to show that the note in question was made under an agreement between Grout and the creditors of his firm, that it should be indorsed and delivered to them, upon a compromise, and that, as between Grout and them, there was a good consideration in the relinquishment of other security. But the defendants were not privy to that agreement.   On the contrary, they undertook to pay Grout or his order, in one year,

36 *

without any limitation. It was no doubt contemplated, by the parties to the arrangement, that when Grout obtained the note he would indorse it and deliver it to Bailey & Co. ; and it may be that it was a violation of his agreement, and the trust reposed in him, not to do it. Still, until that act was done, Bailey & Co. acquired no interest in the note as a legal security ; nor did the defendants come under any legal obligation to them. But the plaintiff, having acquired a legal title, and the defendants having no ground to resist it, it is immaterial whether the plaintiff took the note before or after it fell due.

*Defendants defaulted.*